**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **KELLEY BERRY,** § | | |
| § | | |
| **Plaintiff,** § | | |
| v. § | | |
| § | | |
| **TURNER INDUSTRIES GROUP, L.L.C.,** § | | **CIVIL ACTION NO.** |
| § | | |
| **Defendant.** § | | |
| § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff Kelley Berry files this Original Complaint against Turner Industries Group, L.L.C., for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

**I. PARTIES, JURISDICTION AND VENUE**

1. Plaintiff Kelley Berry ("Plaintiff" or "Berry") is currently a citizen and resident of the State of Texas.

2. Defendant Turner Industries Group, L.L.C., ("Defendant" or "TIC"), is a foreign corporation, authorized to do business, and is doing business, in the State of Texas, with a place of business in Paris, Texas. Defendant may be served through its registered agent for service, C T Corporation System, 1999 Bryan St., Suite 900, Dallas, TX 75201-3136.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391, and the events forming the basis of suit occurred in Paris, Texas.

4.  Plaintiff filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC"), on or about December 14, 2011, alleging sexual harassment and illegal retaliation.  This action is being commenced within the required time limits of 42 U.S.C. §§2000e et. seq ("Title VII"), in that (a) the charge was filed with the EEOC within 300 days of the actions being complained of in this lawsuit, and (b) this action is being filed within 90 days of receipt of the Dismissal and Notice of Rights from the EEOC on September 6, 2016.

## II. FACTUAL BACKGROUND

5.  Plaintiff was formerly employed by Defendant.  Plaintiff was one of the only women working at the facility, and during Plaintiff's employment with Defendant she was subject to severe and pervasive sexual harassment.  The acts of sexual harassment consisted of:

(a) Improper Unwanted Touching of Body:  This includes, but is not limited to:

- *   An employee putting his exposed penis on Plaintiff's shoulder;
- *   An employee grabbing Plaintiff's buttocks, (on an almost daily basis);
- *   An employee grabbing Plaintiff between her legs; and
- *   An employee putting his crotch on Plaintiff's arm/shoulder.

(b) Regular Sexually Inappropriate Verbal Statements and Gestures: This includes, but is not limited to, comments/actions such as the following:

- *   Males purposefully exposing themselves to Plaintiff;
- *   Males making sexual noises when Plaintiff walked by them;
- *   Being asked, "Have you ever fuc%ed a black guy?";
- *   Being told, "you need to try a piece of my meat";
- *   Talking about Plaintiff's vagina; and
- *   Discussing sexual acts.

6.  Plaintiff rebuked this sexual harassment and asked the employees to stop, but it continued.  In addition, Defendant was well aware of this harassment and the derogatory culture towards females in the workplace, but they did nothing to stop it.  Plaintiff endured the sexual

harassment, knowing that if she made an official report that it would lead to retaliation, including hindering her ability to obtain a promotion, and possibly termination.

7. In October of 2014, Plaintiff was forced to finally report the sexual harassment. Thereafter, the men that committed the egregious acts of sexual harassment only received minor disciplinary actions, and Plaintiff was ostracized and treated in a hostile manner by her male coworkers. She was even forced to continue to work around the harassers. Essentially nothing was done to correct this retaliatory hostile work environment, so Plaintiff was forced to abandon her dream of a promotion and accept a position in another job. In addition, Plaintiff became so disillusioned and upset by the retaliation that it was hard for Plaintiff to function.

8. In December of 2011, Plaintiff was preparing her documentation for filing her Charge of Discrimination with the EEOC. She went into the office and asked one of Defendant's employees to notarize and fax the charge to the attorney that was representing her – and assisting her – with her sexual harassment/retaliation claim at the EEOC. The next day it was common knowledge at TIC that Plaintiff intended to bring a claim against TIC, as Plaintiff was approached by TIC employees who told her that they heard she had filed a sexual harassment/retaliation action against TIC.

9. A few days after it became common knowledge that Plaintiff had brought a sexual harassment/retaliation action against Defendant, Plaintiff was terminated by Defendant. Plaintiff was told she was terminated for violating TIC's absence/notice policy, but this is mere pretext as Plaintiff was terminated for engaging in protected activity as defined by Title VII.

### III. CAUSE OF ACTION-- VIOLATION TITLE VII

10. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 9 as if fully stated herein.

11. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claims under the Title VII.

12. Defendant is an "employer" as defined by Title VII.

13. Plaintiff is an "employee" as defined by Title VII.

14. During the time that Plaintiff was employed by Defendant, she was subjected to severe and pervasive sexual harassment, and retaliation/retaliatory harassment, in violation of Title VII.  These actions created a hostile-work environment, affected the terms and conditions of Plaintiff's employment, and ultimately led to the termination of Plaintiff.

15. As described above, Defendant intentionally and willfully violated Title VII by subjecting Plaintiff to sexual harassment by her coworkers, and retaliating/retaliatory harasment against her because she engaged in protected activity as defined by Title VII.

16. Defendant does not have adequate policies or procedures in place to address the harassment/retaliation, nor did it implement prompt effective remedial measures.

17. As a result of Defendant's violations of Title VII, (as mentioned above), Plaintiff has suffered actual damages in the form of lost wages and benefits, (past and future), in an amount that has not yet been fully established, but which can be estimated for the purpose of bringing this lawsuit.  Plaintiff has also suffered mental trauma, loss of enjoyment of life, and other losses.

18. As a result of these willful and intentional violations of Title VII, mentioned above, by Defendant, Plaintiff requests that she be awarded all actual, compensatory and punitive damages to which she is entitled, equitable and/or injunctive relief, and attorney fees and costs.

### IV. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both back pay and front pay), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages, (including, but not limited to, mental anguish and loss of enjoyment of life), in the maximum amount allowed by law;

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of Title VII;

e. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

f. Costs of suit, including attorney's fees and other costs; and

g. The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted by:

**/s/ Robert (Bobby) Lee**
Robert (Bobby) Lee
State Bar No. 00787888
lee@l-b-law.com
Megan Dixon
State Bar No. 24079901
dixon@l-b-law.com
Meagan Whitley
State Bar No. 24088629
whitley@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**

___